Ezekiel E. Cortez (SBN 112808)
Law Offices of Ezekiel E. Cortez
550 West C Street, Suite 620
San Diego, California 92101
T: (619) 237-0309 | F: (619) 237-8052
lawforjustice@gmail.com

Attorney for Defendant *Augusto Jean Carlo Castillo-Hernandez*

**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(THE HONORABLE DANA M. SABRAW)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>AUGUSTO JEAN CARLO<br>CASTILLO-HERNANDEZ,<br><br>　　　　　Defendant. | Case No. 20CR02242-DMS<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>Date: July 18, 2025<br>Time: 09:00 AM |

TO:  ADAM GORDON, UNITED STATES ATTORNEY; AND P. KEVIN MOKHTARI, ASSISTANT U.S. ATTORNEY; LAUREN ESPOSITO, U.S. PROBATION OFFICER:

**I.
Mr. Castillo's Insolvent in the Conspiracy,
His Abandonment of it and Return to his True Character.**

Augusto Jean Carlo Castillo-Hernandez (Mr. Castillo) was never a true "lieutenant" in the offense, as noted in the PSR at paragraph 10; though it may be accurate to allege such generalized role. His role in the conspiracy can more accurately be described as but an underling acting as go-between for individuals who were themselves playing a true aggravated role in this conspiracy. These

---

*Defendant's Sentencing Memorandum,*
U.S. v. Augusto Jean Carlo Castillo-Hernandez, Case No. 20CR2242-DSM
1

two individuals [paragraph 10 and, particularly, paragraph 14 of PSR] enabled his ability to be the in-between in this conspiracy to "source" cocaine from other individuals, intended for a buyer who himself initially solicited Castillo's help securing the drugs. [Paragraph 10 of the PSR] But his more honestly described role, he respectfully submits here, was below the rest of the co-Conspirators (charged with him and elsewhere).

One sad day, Mr. Castillo fell into the role of "broker" or facilitator in the drug trafficking conspiracy in this case. This turn in his life was unexpected because, one moment he was excelling academically as he pursued his multiple degrees, the next, he had fallen into an inexplicable (for him and everyone else who knew him) depression, triggered by the separation and divorce of his parents.

Mr. Castillo then became a chronic alcoholic, consuming liquor heavily, becoming distant to and oblivious to his daughter and those dear to him. His previously earnest academic studies and upright lifestyle, his *maternal family's* pride and joy, were replaced by his personally destructive, decaying lifestyle. He imperceptivity sank deeper into drug trafficking, conveniently facilitated by others noted in the PSR.

In his own words, Mr. Castillo writes:

> The truth about why I became involved in drug trafficking in 2017 was because I fell into chronic alcoholism and pathological depression. I abandoned

---

*Defendant's Sentencing Memorandum,*
U.S. v. Augusto Jean Carlo Castillo-Hernandez, Case No. 20CR2242-DSM

> my law studies at university and lost myself in the
> world of drug trafficking for approximately three years.

Exhibit A, Defendant's Letter to Court, English translation, page one.

And then, after a deeply destructive two or so years, Mr. Castillo again did something unexpected and unusual—something that *should be recognized as highly mitigating*—he factually withdrew from the drug trafficking conspiracy. He did so because he just snapped out of it, woke up, and regained his true character. He then resolved to totally abandon the drug trafficking actions in this case a full **two years before** he his arrest on August 31, 2021, in Guatemala on the US issued warrant. The rehabilitated man who will stand for sentencing now is who Mr. Castillo truly is as a man of good character.

**II**
**Mr. Castillo Recaptures his Natural Character.**

Unquestionably, by the time of his, by then unexpected arrest on the U.S. warrant, he had already openly and effectively abandoned the conspiracy and his former co-conspirators.  And just as openly, he returned to pursue his university and legal studies and to finish his law school curriculum; a path he had inexplicably abandoned in an, out of character, deep depression and drunken stupor years earlier.

Having freed himself from the grip of alcohol and recaptured his positive outlook on life, Mr. Castillo successfully graduated with a law degree and was

---

*Defendant's Sentencing Memorandum,*
U.S. v. Augusto Jean Carlo Castillo-Hernandez, Case No. 20CR2242-DSM

certified as a notary public. Only lawyers may function as notaries in Guatemala. *See,* Exhibit B, Diplomas for successful graduation in Juridical and Social Sciences, law degree, and degree as Notary public, from Da Vinci University of Guatemala, 13 May 2021.

In his letter to the Court, Mr. Castillo also writes:

> After that dark period in my life, with God's help, I abandoned the conspiracy in which I had allowed myself to be involved. ***I did this one day when I opened my eyes and looked at my beloved daughter and realized that I was missing out on the best years of her life.*** I didn't want her to have a criminal father. It was at that moment that I realized I had fallen to the bottom of a deep pit and needed to get out. And so, I did, with God's help.
>
> I immediately returned to my law studies at university, and in the short span of a year and a half, ***I graduated with a degree in legal and social sciences, becoming a lawyer and notary public. I immediately started working as a legal advisor to municipalities***.

Exhibit A, emphasis added.

Because he was used and "trusted", especially by one of the two individuals noted at paragraphs 10 and 14 of PSR, he automatically fell into that person's drug trafficking network. The reasons for his fall are noted in the PSR:

> 14. CASTILLO noted several motivations for committing this crime. After his parents separated, he was trying to live on his own. He also suffered from alcoholism and "was drinking a lot." Due to the above,

---

CASTILLO made "poor decisions" to "solve those problems."

15. The defendant said, "I am very ashamed because of the decision that I made. It's a stage in my life that I wish I could turn back time and never do it." CASTILLO wanted Your Honor to understand that he committed the instant offense between 2017 and 2019, when he was "halfway through college," *and he "had already changed" his life by the time he was arrested. He "decided to leave that lifestyle behind to continue school and graduate. I graduated and then went on to practice law at a company giving legal advice for over a year and a half...* I was actually building a home when I was caught." CASTILLO concluded that the instant arrest has *"separated me from what I value the most in life: my daughter."*

PSR at page 6, emphasis added. And it is for his beloved daughter, and mother, for whom he will look forward as he returns to his law practice awaiting him in Guatemala.



Mr. Castillo With his Baby Daughter

*Defendant's Sentencing Memorandum,*
U.S. v. Augusto Jean Carlo Castillo-Hernandez, Case No. 20CR2242-DSM
5



Mr. Castillo With Young Daughter

Now, Castillo is fully rehabilitated, even as he remains incarcerated. *See,* Exhibit C, the multiple representative (of many other) certificates from CoreCivic attesting to his determined rehabilitation and continuing education. Mr. Castillo is single-mindedly focused on his future. His optimistic future as father, son, and the very capable lawyer that he is.

### III.
### Mr. Castillo's Now Handicapped Mother.

Mr. Castillo's dear mother – Erika Hernandez-Herrera – with whom he has remained very close regularly communicating with her, suffered a devastating car accident leaving her paralyzed. Before her tragic accident, Ms. Hernandez was a vibrant, dynamic professional, community contributor herself. The following photographs exhibit her vibrant personality before her accident.





But now, this is how she was left physically incapacitated by the accident:





Back home, Ms. Hernandez is still bed-ridden and desperately needs Mr. Castillo to return home to help care for her basic needs now.

//

//

## IV.
## Mr. Castillo's History and Characteristics Under 3553(a).

Before, and after, Mr. Castillo's out-of-character fall into alcoholism and drug trafficking, he was an earnest academic student who accomplished high grades. From his late teens, he began applying himself academically and excelled. Here is his BA degree in Automobile Engineering from the Ministry of Education in Guatemala:



### República de Guatemala, C. A.
### El Ministerio de Educación

Por Cuanto:

LA DIRECCIÓN DEL INSTITUTO TECNOLÓGICO
PRIVADO DE OCCIDENTE, JORNADA VESPERTINA,
QUETZALTENANGO, QUETZALTENANGO.

ha informado que:

AUGUSTO JEAN CARLO CASTILLO HERNÁNDEZ

hizo los estudios y sustentó las evaluaciones de ley para optar al título de

### PERITO EN MECÁNICA
### AUTOMOTRIZ

habiendo obtenido en ellas la aprobación correspondiente
fecha de cierre de pensum 15 de Octubre de 2010

POR TANTO:

le otorga el presente título para que de él haga el uso conveniente

Dado en la República de Guatemala, el    29 de Octubre de 2010

Director (a) del Establecimiento        Director (a) Departamental de Educación
                                        Lic. Cupertino Ariel Galicia Mérida





---

*Defendant's Sentencing Memorandum,*
U.S. v. Augusto Jean Carlo Castillo-Hernandez, Case No. 20CR2242-DSM

And here is his Undergraduate Degree in Industrial Sciences also from the Ministry of Education



**República de Guatemala, C. A.**

**El Ministerio de Educación**

**Por Cuanto:**

LA DIRECCIÓN DEL INSTITUTO TECNOLÓGICO PRIVADO DE OCCIDENTE, JORNADA VESPERTINA, QUETZALTENANGO, QUETZALTENANGO.

ha informado que:

AUGUSTO JEAN CARLO CASTILLO HERNÁNDEZ

hizo los estudios y sustentó las evaluaciones de ley para optar al diploma de

**BACHILLER INDUSTRIAL**

habiendo obtenido en ellas la aprobación correspondiente
fecha de cierre de pensum 15 de Octubre de 2010

**POR TANTO:**

le otorga el presente diploma para que de él haga el uso conveniente

Dado en la República de Guatemala, el      29 de Octubre de 2010

Director (a) del Establecimiento      Director (a) Departamental de Educación
Lic. Cupertino Ariel Galicia Mérida




And attached collectively as Exhibit D, are pictures and letters from the Association of Livestock and Agriculture, and his life-long Church of Jesus Christ, all capturing the valued contributions to his community; and who he really *is* as a person.

Back home in Guatemala, Mr. Castillo selflessly dedicated himself as community provider by volunteering to feed the poor and the disadvantaged.

At Page 11, Paragraphs 52 and 53 of the PSR, Probation Officer Esposito notes the following accomplishments by Castillo:

> 52. Records from the defendant also include certificates of completion for the following: Creativity and Innovation: Creative Thinking Basics (July 27, 2023); Creativity and Innovation: Creativity in Organizations (July 27, 2023); "Creating a World Famous Customer Service Training Program" (July 19, 2023); "Creating a World Famous Culture in your Workplace" (July 17, 2023); "In-Service Kitchen Skills Training Program" (October 24, 2022); "Customer Service Skills" (October 24, 2022); "Learning Tips: How to Enjoy Learning" (October 24, 2022); "Advanced Interpersonal Communication: Building Relationships Through Feedback" (October 22, 2022); "Fire Evacuation Training" (October 22, 2022); "Anger Management" (October 22, 2022); "Blended Learning" (October 22, 2022); "Bloodborne Pathogens and HIV" (October 22, 2022); and "A Study of the Gospel of John" (July 26, 2022);
>
> 53. Additionally, records provided by CASTILLO include several certificates from CoreCivic verifying his participation in the following: "Preparation for Change – Towers of Strengths" (August 1, 2022); "Understanding Reducing Angry Feelings" (August 1, 2022); "Unlocking your Thinking Open your Mind" (July 25, 2022); "Mapping your steps – 12 STEP guide map" (July 20, 2022); "Managing my Emotions" (July 20, 2022); "Mapping your Reentry Plan: Heading

*Defendant's Sentencing Memorandum,*
U.S. v. Augusto Jean Carlo Castillo-Hernandez, Case No. 20CR2242-DSM

11

Home" (July 19, 2022); and "Common sense ideas for HIV Prevention and Sexual Health" (July 13, 2022).

## V.
## ADVISORY GUIDELINES FOR SENTENCING

Once Mr. Castillo changed counsel, he readily pleaded guilty to the One Count Indictment. Mr. Castillo therefore submits the following advisory Guidelines that apply to his admitted violations of Title 21 U.S.C. §§ 959, 960, 963.

| Base Offense Level | USSG § 2D1.1 (a)(5) & (c)(1) 2,723 kgs cocaine. | 38 |
| Safety Valve | USSG § 2D1.1 (b)(18) and 5C1.2 | -2 |
| Acceptance | § 3E1.1 | -3 |
| Zero-History Offender | § 4C1.1 (If no role enhancement) | -2 |
| Expeditious Resolution | § 5K2.0 | -2 |
| *Adjusted Offense Level* | | **29** |

Mr. Castillo has a criminal history score of 0, with a corresponding Criminal History Category of I. His advisory applicable Guidelines Range is 87 – 108. A range definitely "more than necessary" under 3553(a), as correctly noted by Probation Officer Esposito.

Castillo respectfully asks the Court, pursuant to 3553(a), to sentence him to the custodial period to be requested at the sentencing hearing. At the young age of 32, such a sentence should be sufficient but not harsher than necessary. He has already been in continuous custody for almost approximately four years.

# VI.
## TITLE 18 U.S.C. § 3553(a)

### 1. <u>Nature and Circumstances of the Offense</u>

The offense conduct has been accurately captured in the PSR. But parts of that must be highlighted to better illuminate the honest nature of his role in the conspiracy. At paragraph 7 of the PSR, this description of the offense is provided by the Government:

> Once a transaction was agreed upon, the defendant would receive the cocaine from the sources of supply at one of his properties in Guatemala. After receiving cocaine from a supplier, he would oversee the transportation and distribution of cocaine to co-conspirators operating near the Guatemala-Mexico border, who in turn would smuggle the cocaine into Mexico and ultimately into the United States.

Mr. Castillo proffers that as "he would oversee the transportation and distribution of cocaine" he would end up *driving the loaded vehicle(s) himself*. A task definitely not that of a "lieutenant" in any Guatemala DTO, where drivers are readily available for hire.

Mr. Castillo will provide additional facts at the sentencing hearing and separately.

//

//

//

---

*Defendant's Sentencing Memorandum,*
U.S. v. Augusto Jean Carlo Castillo-Hernandez, Case No. 20CR2242-DSM

13

## CONCLUSION

For all the foregoing reasons, Mr. Castillo respectfully asks this Court to impose a sentence below that provided in the Sentencing Guidelines.

Respectfully submitted,

Dated: <u>July 9, 2025.</u>                    s/ *Ezekiel E. Cortez*
                                           Ezekiel E. Cortez
                                           *Attorney for Mr. Castillo*